## CAMP v. BRANHAM et al.

### (Circuit Court, N. D. Ohio, W. D. June 8, 1898.)

### No. 1,305.

1. PATENTS—INVENTION—APPARATUS FOR LAYING UNDERGROUND CONDUITS.
   The production of a mandrel having at one end a handle for pushing it back and forth, and at the other a rubber rim which serves to break off and push or sweep ahead of it all the particles of cement that stick to the interior of a hollow tiling conduit for electric wires, *held* to involve patentable invention.

2. SAME.
   The Camp patent, No. 467,650, for an apparatus for laying underground conduits for electric wires, *held* valid and infringed.

This was a suit in equity by H. B. Camp against Branham & Gest for alleged infringement of a patent.

Albert M. Austin, for complainant.
E. C. Reemelin, for defendants.

RICKS, District Judge. This is a bill depending on the validity of letters patent No. 467,650, dated January 26, 1892; being an apparatus for laying underground conduits for electric wires. The

demand for this patent was created by the extensive use of hollow tiling having one or more longitudinal openings laid in lengthwise parallel courses, with the end of the sections of each course arranged to register. The great demand for such a conduit induced the complainant to give his attention to some instrument which would remove from the inside of these hollow tile conduits the cement with which the end of each section was bound together, so as to make a continuous conduit, without obstructions in the interior to impede the laying of wire therein. The mandrel which the complainant made for that purpose is a very simple device. It has a rubber rim about one end of it, which serves to break off and push or sweep ahead of it all the particles of cement that stick to the interior of the conduit in laying it. The other end of the mandrel had a handle by which it could be moved backward and forward. With this simple device, the tile was laid lengthwise. and joints fitted, and the interior made smooth and passable; and the problem of an easy use of the interior of such hollow tiling was solved. Now, while it is true that there was no great invention developed in this simple device, it is just one of these happy successes which occasionally reward the inventor in his diligent search for something new and useful, and acceptable to the public. The fact that the use of this mandrel has so rapidly increased the sale of tiling is a significant fact, and tends to support the claim of invention. In all the large cities it was a problem of great importance how to put underground all the wires used for the many purposes for which electricity is now employed. But a mere multiplication of words would not make more plain what must seem a fair conclusion to every impartial mind,—that the patentee in this case did invent something new, and that his patent must be declared valid. The patent office allowed it without any hesitation, as the file wrapper and contents show.

The defendants concede that, if the patent is new, they infringe. They claim that the use of the mandrel accompanied the purchase of the tile. If they can show any such contract as this, it will have a material effect upon the amount of damages to be awarded, but does not go to the complainant's right to have the patent sustained. A decree may be prepared, referring the case to Mr. Belford, as master, to ascertain and report the damages to which the complainant is entitled.